**4**

STEVEN S. ALTMAN (State Bar No. 63824)
Steven Altman, PC
1127-12th Street, Suite 104
Modesto, California 95354
Ph: (209) 521-7255
Fax: (209) 577-8390
altman@altmanattorney.com

Attorney for Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(MODESTO DIVISION)

In re:

HUMBERTO MORENO &
MARTHA MORENO

    Debtors.

---

HUMBERTO MORENO &
MARTHA MORENO

    Plaintiff(s),

vs.

DREAMBUILDER INVESTMENTS, LLC.

    Defendant(s).

Case No.    11-92649
Adversary No: 16-09014

Date:      December 22, 2016
Time:      11:00 a.m.
Place:      1200 I Street, 2nd Floor
           Modesto, CA 95354

Judge:     Robert S. Bardwil
Dept:      D

PLAINTIFFS' FIRST
STATUS CONFERENCE STATEMENT

HUMBERTO MORENO AND MARTHA MORENO (collectively, "Plaintiffs") submit their First Status Conference Statement as follows:

1. **Service of Process**: On October 26, 2016 a summons was issued in this case. The complaint was served on October 28, 2016. Defendant, Dreambuilder Investments, LLC was required to answer the underlying complaint by or before November 25, 2016. No response occurred. As a result, Plaintiffs through their counsel filed a Request to Enter Default with the Court on November 28, 2016. [Doc 7]. Counsel for Plaintiffs started to work up a default judgment; however as set forth below, after further investigation, he has discovered that

defendant DreamBuilder Investments LLC may be the wrong party defendant in this action.[1]

2. **Jurisdiction, Venue and Status as Core or Noncore Proceedings:** Jurisdiction over this adversary proceeding has been asserted pursuant to 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. 157 (b)(2) and Title 28 of the United States Code. Venue is proper pursuant to 28 U. S.C. § 1409(a).

The action seeks a court declaratory judgment to remove a lien from property owned by plaintiffs during the Plaintiffs' previous successful Chapter 13 proceeding in this Court. In that action, as Debtors, Plaintiffs successfully confirmed their Chapter 13 Plan in hearing held before this Court on January 7, 2012. In conjunction with their bankruptcy Plan, they brought a motion to value the Property pursuant to In re Lam, 211 B.R. 36 (9th Cir. BAP 1997) (the "Motion to Value"). The Motion to value requested that the court value the property at $242,400.00. The Motion to Value was granted by order of the bankruptcy court and dated October 5, 2011. In the order granting the Motion to Value, the court determined that the value of the equity in the Property available to satisfy the claim of PNC was $0, and the claim of PNC was deemed unsecured. A true and correct copy of the order granting the Motion to Value has been attached to the adversary complaint in this matter as Exhibit "D".

On June 16, 2015, Debtors' prior counsel sent a demand letter to DBI notifying DBI of the satisfaction of the mortgage and demanding release of the Deed of Trust within 30 days of the discharge. A true and correct copy of the demand letter is attached to their complaint as Exhibit "F".

In the work-up to the default judgment, present counsel further researched the Stanislaus State Court Recorder's Office and FDIC records to ascertain whether an assignment of the 2nd deed of trust was ever formally recorded to evidence ownership by DBI. None could be found.

The actual records reflected that National City Bank, the prior holder of Plaintiffs' second

---

[1] Plaintiffs' prior counsel and his adversary complaint filed with this Court, Moreno v. DreamBuilder Investments, LLC, et al , Adv. No. 15-9066 and correspondence in the Morenos' possession, purported to provide evidence that Dreambuilders Investments LLC was the holder of the current mortgage claim.

PLAINTIFF'S FIRST STATUS CONFERENCE STATEMENT     2     EDMONDS V. CHAVEZ/ADV.4.7.15.SSA

4

deed of trust became an inactive institution on November 6, 2009 and merged without assistance into PNC Bank, NA. A further search of PNC Bank NA records with the FDIC reflected that its principal office is located at 222 Delaware Avenue in Wilmington, Delaware 19899. (See Attachments 1 and 2). As such, as set forth below, PNC Bank NA appears to be the actual real party in interest that must be added or substituted into the current adversary complaint in order for full relief to be granted.

3. **Amendments to Pleadings:** As referenced in section 2 above, Plaintiffs' counsel has discovered that the real party defendant in this action should be PNC Bank NA, either instead or in addition to DBI. As such, Plaintiffs' counsel is in the process of filing a motion with this Court pursuant to FRCP 15(a) for leave to file an amended complaint and or substitute a party defendant. It is expected that motion will be heard in the Court's January 2017 calendar in Modesto.

4. **Joinder of Parties:** As referenced in sections 2 and 3 above, it is expected a motion under FRCP 15(a) will be filed before the date of the present status conference to ask leave to file a first amended complaint and join PNC Bank NA as party defendant.

5. **Anticipated Motions:** Plaintiffs expect to bring the motion to amend pleadings to add or substitute into this case PNC Bank NA as a party defendant. It is assumed that if PNC Bank NA does not timely answer or otherwise respond to the complaint after service, its default will be requested by plaintiffs and a prove up hearing for the relief requested in this complaint secured.

6. **Anticipated Discovery:** This case is still in its early stages. If there is discovery prepared by plaintiffs it will be narrowly focused. At the very least request for admissions will be prepared based upon the history of the Chapter 13 proceedings in this case.

7. **Discovery, Pre-Trial Motion Dates:** Litigation is in its early stages in this matter. Since Defendant nor its counsel have appeared in this action, formulation of a discovery plan has not occurred.

/// ///

4

8. **Preliminary Pre-Trial, Discovery, Settlement Conference:** As referenced above, litigation is in its early stages in this matter. Assuming Plaintiffs' motion for leave to file an amended complaint and add or substitute party defendant PNC Bank NA in the case occurs and proper service is perfected, plaintiffs and their counsel will have a better understanding of where the course of this litigation will be headed.

As such, at the very least a further Status Conference hearing in this matter should occur after the additional party defendant PNC Bank is joined in this action and service accomplished.

9. **Other Suggestions:** None.

Dated: December 7, 2016

Respectfully submitted,
LAW OFFICES OF STEVEN ALTMAN, PC

_____
STEVEN S. ALTMAN
Attorney for Plaintiffs