**4**

STEVEN S. ALTMAN (State Bar No. 63824)
Steven Altman, PC
1127-12th Street, Suite 104
Modesto, California 95354
Ph: (209) 521-7255
Fax: (209) 577-8390
altman@altmanattorney.com

Attorney for Plaintiffs/Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(MODESTO DIVISION)

In re:

HUMBERTO MORENO &
MARTHA MORENO

Debtors.

HUMBERTO MORENO &
MARTHA MORENO

Plaintiff(s),

vs.

PNC BANK, NA

Defendant(s).

Case No.        11-92649
Adversary No: 16-09014

Date:    March 9, 2017
Time:    11:00 a.m.
Place:   1200 I St. 2nd Floor
         Modesto, CA 95354

Judge:   Robert S. Bardwil
Dept:    D

**Plaintiffs' Initial 26 F Statement**

HUMBERTO MORENO and MARTHA MORENO (collectively, "Plaintiffs") submit their FRCP 26 F statement as set forth below.

### **INTRODUCTION**

This is an action for declaratory relief, violation of discharge orders and attorney's fees filed by the Debtors pursuant to Sections 105, 501, 502, 503, 506 and 1328 of the Bankruptcy Code, and Section 2941 of the California Civil Code.

Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-

captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

Plantiffs seek from Defendant PNC Bank, NA a reconveyance of their second deed of Trust against their real property, recorded in the office of the Stanislaus County Recorder on August 16, 2007 as document number 0105192-00: 4216 Ballard Circle, Modesto, CA 95356

In conjunction with the confirmation of the Debtors' Chapter 13 Plan, Debtors filed and served a motion to value the Property pursuant to In re Lam, 211 B.R. 36 (9th Cir. BAP 1997) (the "Motion to Value"). The Motion to value requested that the court value the property at $242,400.00. The Motion to Value was granted by order of the bankruptcy court and dated October 5, 2011. In the order granting the Motion to Value, the court determined that the value of the equity in the Property available to satisfy the claim of PNC was $0, and the claim of PNC was deemed unsecured.

California law requires the mortgagee to execute and record certificates of discharge for satisfied deeds of trust within 30 days of the satisfaction. Cal. Civ. Code §2941(a).

California law requires the beneficiary or assignee of the beneficiary under a deed of trust to deliver the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to cause the deed of trust to be reconveyed, to the trustee within 30 days after the obligation has been satisfied. Cal. Civ. Code §2941(b).

Defendant, PNC and its Chief Executive Officer and President, Mr. William Demchak, were duly served with a request by plaintiffs' counsel for the reconveyance of 4216 Ballard Circle, Modesto, CA 95356 deed of Trust on December 5, 2016. No response has been forthcoming by Defendant.

**A) IDENTITY OF ALL POTENTIAL WITNESSES, INCLUDING EXPERT WITNESSES:**

No formal discovery has commenced in this matter, nothwithstanding the foregoing, Plaintiffs and their counsel submit the following:

1. Plaintiffs, Humberto Moreno and Martha Moreno.

2. Chapter 13 Trustee Russell Greer and his staff.

3. Defendant PNC Bank, NA, its employees and agents in charge of servicing Plaintiffs' real property and underlying obligation: 4216 Ballard Circle, Modesto, CA 95356.

4. Mr. William Demchak, CEO and President of PNC Financial Services Group.

**B) ALL DOCUMENTS AND OTHER TANGIBLE THINGS RELEVANT TO THE ALLEGATIONS OF THE PLEADINGS INCLUDING WRITTEN REPORTS OF EXPERT WITNESSES:**

As referenced above, the case is in its very early stages and no formal discovery has been commenced. However Plaintiffs and their counsel would sunmit the following:

1. The Chapter 13 Petition and supporting sechedules of the Moreno's as Chapter 13 Debtors in Case No. 11-92649.

2. Moreno's (as Debtors) Chapter 13 Plan filed July 31, 2011, Doc. 10.

3. Order Confirming Chapter 13 Plan of Moreno's, filed January 7, 2012, Doc. 36.

4. Civil Minute Order on Debtors' (Moreno's) Amended Motion/Application to Value Collateral of PNC Bank, NA, filed October 5, 2011, Doc. 26.

5. Moreno's Final Decree in Chapter 13 Case, filed December 22, 2014, Doc. 70.

6. Modesto Law Center letter dated June 16, 2015 c/o PNC Bank, fdba National City, 30 Wal Street, New York, New York, 1005 (sic).

7. Letter to PNC Bank, National Association 222 Delaware Ave, Wilmington, DE 19899 and Mr. William Demchak, CEO and President of PNC Financial Services Group, 249 Fifth Avenue, One PNC Plaza, Pittsburgh, PA 15222.

8. Original Deed of Trust in favor of PNC's predecessor in title for real property at 4216 Ballard, Circle, Modesto, CA 95356, recorded August 16, 2007 in Stanisalus County Recorders Office, Doc-2007-0105192-00.

As referenced above, plaintiffs and their counsel reserve the right to supplement or amend this list as additional discovery is undertaken and information emerges.

**C) INFORMATION CONCERNING DAMAGES ASSERTED OR DENIED:**

Based upon the plaintiffs and their counsel's preliminary investigation and affirmative actions in this matter, they contend the following:

Defendant PNC BANK, NA is liable to them for compensatory damages.

Defendant PNC BANK, NA is liable to them for punitive damages.

Defendand PNC BANK, NA is liable to them for their legal fees and costs pursuant to the Deed of Trust, most specifically pursuant to applicable federal and state statutory and case

law which will be shown according to proof. Also, the deed of trust held in this matter by PNC NA, paragraph 10, provides for fees and costs, which can be reciprocal under California law pursuant to the provisions set forTH in California Civil Code Section 1717. Additionally, Plaintiffs and their counsel contend Defendant's conduct, i.e. refusing to perform a California statutory duty is required by law after put on actual notice, is actual under both federal and state statutes and existing case law.

### D) COPIES OF RELEVANT INSURANCE POLICIES:

Neither the Plaintiffs nor their counsel office have seen any relevant insurance policies to cover the claims for relief advanced in the current adversary complaint.

Dated: February 6, 2017

LAW OFFICES OF STEVEN S. ALTMAN

By: _____
STEVEN S. ALTMAN
Attorney for Plaintiffs
Humberto Moreno and Martha Moreno