**4**

STEVEN S. ALTMAN (State Bar No. 63824)
Steven Altman, PC
1127-12th Street, Suite 104
Modesto, California 95354
Ph: (209) 521-7255
Fax: (209) 577-8390
altman@altmanattorney.com

Attorney for Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(MODESTO DIVISION)

In re:

HUMBERTO MORENO &
MARTHA MORENO

      Debtors.

_____

HUMBERTO MORENO &
MARTHA MORENO

      Plaintiff (s),

vs.

PNC BANK, NA,

      Defendant (s).

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.     11-92649
Adversary No: 16-09014

Date:      March 9, 2017
Time:      11:00 a.m.
Place:     1200 I Street, 2nd Floor
          Modesto, CA 95354

Judge:    Robert S. Bardwil
Dept:     D

PLAINTIFFS' THIRD
STATUS CONFERENCE STATEMENT

HUMBERTO MORENO AND MARTHA MORENO (collectively, "Plaintiffs") submit their Third Status Conference Statement as follows:

1. **Service of Process**: On October 26, 2016 a summons was issued in this case. The complaint was served on October 28, 2016. Defendant, Dreambuilder Investments, LLC was required to answer the underlying complaint by or before November 25, 2016. No response occurred. As a result, Plaintiffs through their counsel filed a Request to Enter Default with the Court on November 28, 2016. [Doc 7]. Counsel for Plaintiffs started to work up a default judgment; however as set forth below, after further investigation, he has discovered that defendant

DreamBuilder Investments LLC may be the wrong party defendant in this action.[1] As a result, Plaintiffs, through counsel, filed a motion for leave to file an amended complaint designating the following party defendant: PNC Bank, NA, successor in interest to National City. The Court granted plaintiffs' motion in hearing recently held January 10, 2017. Plaintiffs, through counsel, served the First Amended Complaint on PNC Bank NA, and CEO William Demchak of PNC Financial Services Group by certified mail, return receipt requested as required by statute. The time to answer has currently not expired.

2. **Jurisdiction, Venue and Status as Core or Noncore Proceedings**: Jurisdiction over this adversary proceeding has been asserted pursuant to 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. 157 (b)(2) and Title 28 of the United States Code. Venue is proper pursuant to 28 U.S.C. § 1409(a).

The action seeks a court declaratory judgment to remove a lien from property owned by plaintiffs during the Plaintiffs' previous successful Chapter 13 proceeding in this Court. In that action, as Debtors, Plaintiffs successfully confirmed their Chapter 13 Plan in hearing held before this Court on January 7, 2012. In conjunction with their bankruptcy Plan, they brought a motion to value the Property pursuant to In re Lam, 211 B.R. 36 (9th Cir. BAP 1997) (the "Motion to Value"). The Motion to value requested that the court value the property at $242,400.00. The Motion to Value was granted by order of the bankruptcy court and dated October 5, 2011. In the order granting the Motion to Value, the court determined that the value of the equity in the Property available to satisfy the claim of PNC was $0, and the claim of PNC was deemed unsecured. A true and correct copy of the order granting the Motion to Value has been attached to the adversary complaint in this matter as Exhibit "D".

On June 16, 2015, Debtors' prior counsel sent a demand letter to DBI notifying DBI of the satisfaction of the mortgage and demanding release of the Deed of Trust within 30 days of the discharge. A true and correct copy of the demand letter is attached to the complaint as Exhibit "F".

---

[1] Plaintiffs' prior counsel and his adversary complaint filed with this Court, Moreno v. DreamBuilder Investments, LLC, et al, Adv. No. 15-9066 and correspondence in the Morenos' possession, purported to provide evidence that Dreambuilder Investments LLC was the holder of the current mortgage claim.

In the work-up to the default judgment, present counsel further researched the Stanislaus County Recorder's Office and FDIC records to ascertain whether an assignment of the 2nd deed of trust was ever formally recorded to evidence ownership by DBI. None could be found.

The actual records reflected that National City Bank, the prior holder of Plaintiffs' second deed of trust became an inactive institution on November 6, 2009 and merged without assistance into PNC Bank, NA. A further search of PNC Bank, NA records with the FDIC reflected that its principal office is located at 222 Delaware Avenue in Wilmington Delaware 19899. (See Attachments 1 and 2). As such, as set forth below, PNC Bank, NA appears to be the actual real party in interest and as submitted above based upon the current motion to add or substitute party defendant, service will be effected on this party through the issuance of an alias summons and amended complaint.

3. **Amendments to Pleadings:** As referenced in section 2 above, Plaintiffs' counsel discovered that the real party defendant in this action should be PNC Bank, NA, either instead or in addition to DBI. On January 10, 2017, this Court, pursuant to FRCP 15(a) granted plaintiffs leave to file an amended complaint and/or substitute this party defendant. The amended complaint, with an alias summons, went out for service on January 20, 2017.

4. **Joinder of Parties:** As referenced in sections 2 and 3 above, steps are currently underway for service of the first amended complaint. No answer or responsive pleading to date has been filed.

5. **Anticipated Motions:** Plaintiffs brought the motion to amend pleadings to add or substitute into this case PNC Bank, NA as a party defendant which was granted by this Court on January 10, 2017. Service on the first amended complaint occurred on January 20, 2017. If a timely answer or other responsive pleading is not filed by party defendant, plaintiffs, through counsel, will take steps for entry of default and default judgment.

6. **Anticipated Discovery:** This case is still in its early stages. If there is discovery prepared by plaintiffs it will be narrowly focused. At the very least request for admissions will be prepared based upon the history of the Chapter 13 proceedings in this case including, but not limited to the successful completion of the Chapter 13 Plan, motion to value and determination of unsecured status of the 2nd deed of trust against plaintiffs' property. Also, as discussed, if no

answer is filed to the amended complaint, default and default judgment will be requested.

### 7. **Discovery, Pre-Trial Motion Dates:**

Litigation is in its early stages in this matter. Since the new or added Defendant has recently been served, no other party has appeared in this action. As such, formulation of a discovery plan has not occurred.

### 8. **Preliminary Pre-Trial, Discovery, Settlement Conference:**

As referenced above, litigation is in its early stages in this matter. Request is made to defer a discovery plan until the new party defendant and its counsel have appeared. Then plaintiffs and their counsel will have a better understanding of where the course of this litigation will be headed.

As such, at the very least a further Status Conference hearing in this matter should occur after the additional party defendant PNC Bank is joined in this action and service accomplished.

### 9. **Other Suggestions:** None.

Dated: February 16, 2017        Respectfully submitted,

LAW OFFICES OF STEVEN ALTMAN, PC

STEVEN S. ALTMAN
Attorney for Plaintiffs