6

STEVEN S. ALTMAN (State Bar No. 63824)
Steven Altman, PC
1127-12th Street, Suite 104
Modesto, California 95354
Ph: (209) 521-7255
Fax: (209) 577-8390
altman@altmanattorney.com

Attorney for Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(MODESTO DIVISION)

In re:

HUMBERTO MORENO &
MARTHA MORENO

      Debtors.

HUMBERTO MORENO &
MARTHA MORENO

      Plaintiff(s),

vs.

PNC BANK, NA, DBI FUND HOLDINGS, LLC, AMERICAN SERVICING AND RECOVERY GROUP, HOME SERVICING LLC, CITIGROUP GLOBAL MARKETS REALTY CORP, DREAMBUILDER INVESTMENTS AKA DREAMBUILDER INVESTMENTS, LLC

      Defendant(s).

Case No.    11-92649
Adversary No: 16-09014

Date:       September 7, 2017
Time:      9:30 a.m.
Place:     1200 I Street, 2nd Floor
           Modesto, CA 95354

Judge:    Robert S. Bardwil
Dept:      D

PLAINTIFFS' FIFTH
STATUS CONFERENCE STATEMENT

       HUMBERTO MORENO AND MARTHA MORENO (collectively, "Plaintiffs") submit their Fifth Status Conference Statement as follows:

       1. **Service of Process**: On October 26, 2016 a summons was issued in this case. The complaint was served on October 28, 2016. Defendant, Dreambuilder Investments, LLC was required to answer the underlying complaint by or before November 25, 2016. No response occurred. As a result, Plaintiffs through their counsel filed a Request to Enter Default with the Court on November 28, 2016. [Doc 7]. Counsel for Plaintiffs started to work up a default judgment; however as set forth below, after further investigation, he has discovered that

defendant DreamBuilder Investments LLC may be the wrong party defendant in this action.[1] As a result, Plaintiffs, through counsel, filed a motion for leave to file an amended complaint designating the following party defendant: PNC Bank, NA, successor in interest to National City. The Court granted plaintiffs' motion in hearing recently held January 10, 2017. Plaintiffs, through counsel, served the First Amended Complaint on PNC Bank NA, and CEO William Demchak of PNC Financial Services Group by certified mail, return receipt requested as required by statute. An answer has been filed by counsel for PNC indicating that PNC claims it sold the loan to Dream Builder Investments, LLC in September 2009. (Answer at 4:21-24). However, the Morenos, party plaintiffs, recall never being sent "Notice of Assignment" nor in the chain of title in Stanislaus County, is there any documentation other than the duly recorded Deed of Trust of PNC's predecessor in title, National City Bank, recorded August 16, 2007. Pursuant to statute, specifically, 15 U.S.C. Section 1641(g) (the statute designated as "Helping Families Save Their Home Act" (the "Act") it is mandated that an assignee of a mortgage obligation give written notice **not later than 30 days on the date which the mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer including–**

**(A) the identity, address and telephone number of that new creditor;**

**(B) the date of transfer;**

**( C) how to reach an agent or party having authority to act on behalf of the new creditor;**

**(D) the location of the place where transfer of ownership is recorded; and**

**(E) any other relevant information regarding the new creditor.**

An Assignee that violates the notice requirements can be subjected to civil penalties under section 130 of TILA ("Truth In Lending Act"). Specifically, under 15 U.S.C. Section 1640(a), effective July 31, 2009, the maximum penalty a consumer can recover for a TILA

---

[1] Plaintiffs' prior counsel and his adversary complaint filed with this Court, <u>Moreno v. DreamBuilder Investments, LLC, et al</u>, Adv. No. 15-9066 and correspondence in the Morenos' possession, purported to provide evidence that Dreambuilder Investments LLC was the holder of the current mortgage claim.

2

violation is in regard to a close-end loan secured by real property or a dwelling is $4,000. Plaintiffs contend they have received no notification from anyone in writing concerning a mortgage note transfer nor written statements, from any party, directing their mortgage payments prior to the filing of their Chapter 13 bankruptcy to be remitted to Dreambuilders Investments, LLC.

Additionally, prior to the current litigation being commenced, counsel for the Morenos sent both regular and certified mail directed at **both** Dreambuilders Investments, LLC and PNC Bank NA (through its banking address with the FDIC and its CEO and President of PNC Financial Services Group, Mr. William Demchak) requesting cooperation for reconveyance of mortgage obligations and a reply to his letter. No reply by either party was forthcoming.

Since the foregoing, Defendant Plaintiff PNC's counsel has informally exchanged information with Plaintiffs' counsel concerning the disposition of the loan and current party holding this negotiable instrument. Toward this end, Plaintiffs' counsel recently received the declaration of Brian J. Lutton (Exhibit 1 attached), executed on May 2, 2017. The foregoing declaration reflects that PNC transferred rights to the Moreno loan to DBI Fund Holdings, LLC ("DBI") by agreement dated November 20, 2009, for which DBI was required to record a notice of assignment (which it did not do). In turn, DBI transferred its rights to the Moreno loan December 18, 2012 to American Servicing and Recovery Group, LLC. (Lutton Declaration at 2:12-19). Plaintiffs contend they received no notification of the loan transfer.

Following further discovery, Plaintiffs, through counsel, prepared an amended complaint naming all additional defendants referenced above. This Court granted Plaintiffs motion for leave to file an amended complaint in this case on June 27, 2017. [Doc. 54]

Plaintiffs counsel has filed and served the proof of service on all party Defendants on July 14, 2017.

2. **Jurisdiction, Venue and Status as Core or Noncore Proceedings:** Jurisdiction over this adversary proceeding has been asserted pursuant to 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. 157 (b)(2) and Title 28 of the United States Code. Venue is proper pursuant to 28 U. S.C. § 1409(a).

The action seeks a court declaratory judgment to remove a lien from property owned by Plaintiffs during the Plaintiffs' previous successful Chapter 13 proceeding in this Court. In that

action, as Debtors, Plaintiffs successfully confirmed their Chapter 13 Plan in hearing held before this Court on January 7, 2012. In conjunction with their bankruptcy Plan, they brought a motion to value the Property pursuant to In re Lam, 211 B.R. 36 (9th Cir. BAP 1997) (the "Motion to Value"). The Motion to value requested that the court value the property at $242,400.00. The Motion to Value was granted by order of the bankruptcy court and dated October 5, 2011. In the order granting the Motion to Value, the court determined that the value of the equity in the Property available to satisfy the claim of PNC was $0, and the claim of PNC was deemed unsecured. A true and correct copy of the order granting the Motion to Value has been attached to the adversary complaint in this matter as Exhibit "D".

On June 16, 2015, Debtors' prior counsel sent a demand letter to DBI notifying DBI of the satisfaction of the mortgage and demanding release of the Deed of Trust within 30 days of the discharge. A true and correct copy of the demand letter is attached to the complaint as Exhibit "F".

In the work-up to the default judgment, present counsel further researched the Stanislaus County Recorder's Office and FDIC records to ascertain whether an assignment of the 2nd deed of trust was ever formally recorded to evidence ownership by DBI. None could be found.

The actual records reflected that National City Bank, the prior holder of Plaintiffs' second deed of trust became an inactive institution on November 6, 2009 and merged without assistance into PNC Bank, NA. A further search of PNC Bank NA records with the FDIC reflected that its principal office is located at 222 Delaware Avenue in Wilmington, Delaware 19899. (See Attachments 1 and 2). As such, as set forth below, PNC Bank NA at that time appeared to be the actual real party in interest. Subsequent discovery and communications with PNC's counsel, Mr. L. Scott Bruggemann of the firm Wolfe & Wyman LLP in Sacramento referenced through ths signed declaration of Brian J. Lutton, PNC Assistant Vice-President, executed May 2, 2017, that PNC gave up all its rights in the Moreno loan to DBI Fund Holdings, LLC and that also DBI Fund Holdings, LLC was responsible for recording an assignment. (Exhibit "1").

Additionally, counsel for Plaintiffs has been in communications with William Buchanan, Vice-President of American Servicing Group, Inc., and various other entities, who recently

signed a declaration on July 24, 2017, referencing that there was a sale agreement between DBI Fund Holdings LLC (Seller) and Citigroup Global Markets Realty Corp. (Buyer) executed October 30, 2009 wherein the Moreno loan was sold and transferred (Exhibit "2").

3. **Amendments to Pleadings:** As referenced in section 2 above, Plaintiffs' counsel initially understood the real party defendant in this action should be PNC Bank NA, either instead or in addition to DBI. On January 10, 2017, this Court, pursuant to FRCP 15(a) granted plaintiffs leave to file an amended complaint and/or substitute this party defendant. The amended complaint, with an alias summons, went out for service on January 20, 2017. PNC has appeared in this action. By virtue of the "newly discovered information" provided counsel for the Plaintiffs on May 2, 2017, counsel later filed a second motion requesting leave to add additional party defendants, including but not limited to DBI Fund Holdings, LLC and also American Servicing and Recovery Group, LLC given the fact PNC officers or officials have stated, under oath, they no longer own or service the underlying Moreno loan obligation.[2] Plaintiffs' counsel has also worked with PNC and its counsel for the preparation of a stipulation granting PNC dismissal as a party defendant in this action with each party bearing their own fees and costs.

Plaintiffs' counsel has filed the second amended complaint and awaits responses by other defendants joined to determine the status of the Moreno loan obligations.

4. **Joinder of Parties:** As referenced, new party Defendants have been joined in this proceeding. The time to answer or otherwise respond to the current amended complaint has not occurred yet.

5. **Anticipated Motions:** Plaintiffs brought the motion to amend pleadings to add or substitute into this case PNC Bank NA as a party defendant which was granted by this Court on January 10, 2017. Service on the first amended complaint occurred on January 20, 2017.

---

[2] Counsel's, for Morenos, search of corporate status for American Servicing and Recovery Group, LLC indicates its corporate status may be in Alabama. However, recently the Morenos have received mortgage billings notices from an organization called Home Servicing, LLC, which may hold the prior PNC obligation which has been discharged in Chapter 13 proceedings. Service of the current amended complaint should enlighten all parties as to the status of the Moreno loan and who owns or controls its administration.

PLAINTIFFS' FIFTH CONFERENCE STATEMENT-AMENDED    5    MORENO V PNC BANK NA 8.11.17

Although PNC has answered, it now claims it sold plaintiffs' loan and is not the correct party defendant. That DBI Fund Holdings, LLC and/or American Servicing and Recovery Group, LLC to whom the Moreno loan obligation passed. As referenced above, with the exception of the declaration by PNC official or officer Brian Lutton, no recorded assignment or other recorded documents have been presented to the Morenos or their counsel.

6. **Anticipated Discovery:** While the case has progressed, the amended complaint has only recently been served in July 2017. Plaintiffs and their counsel await responses from the various party Defendants. At the very least request for admissions will be prepared based upon the history of the Chapter 13 proceedings in this case including, but not limited to the successful completion of the Chapter 13 Plan, motion to value and determination of unsecured status of the 2nd deed of trust against plaintiffs' property.

7. **Discovery, Pre-Trial Motion Dates:**

Litigation is in its early stages in this matter. The new or added Defendants still need to answer or respond to the complaint. The present status conference is set for August 24, 2017, with a further Status Conference on the Court's docket for September 7, 2017 at 9:30 a.m.

8. **Preliminary Pre-Trial, Discovery, Settlement Conference:**

As referenced above, litigation is in still in its early stages due to the service of the amended complaint. Once new parties appear both Plaintiffs and the Court will have a better handle concerning the course of this litigation.

As such, at the very least a further Status Conference hearing in this matter should occur after all parties have appeared that will appear in this action.

9. **Other Suggestions:** None.

Dated: August 16, 2017        Respectfully submitted,

LAW OFFICES OF STEVEN ALTMAN, PC

STEVEN S. ALTMAN
Attorney for Plaintiffs

**6**

STEVEN S. ALTMAN, SBN 63824
STEVEN ALTMAN, PC
1127 12th Street, Suite 104
Modesto, CA 95354
Phone: (209) 521-7255
Fax: (209) 577-8390
Email: altman@altmanattorney.com

Attorney for Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(MODESTO DIVISION)

In re:

HUMBERTO MORENO &
MARTHA MORENO

    Debtors.

_____

HUMBERTO MORENO &
MARTHA MORENO

    Plaintiff(s),

vs.

PNC BANK, NA, DBI FUND HOLDINGS, LLC, AMERICAN SERVICING AND RECOVERY GROUP, HOME SERVICING LLC, CITIGROUP GLOBAL MARKETS REALTY CORP, DREAMBUILDER INVESTMENTS AKA DREAMBUILDER INVESTMENTS, LLC

    Defendant(s).

Case No. 11-92649
Adversary No: 16-09014

Date: September 7, 2017
Time: 9:30 a.m.
Place: 1200 I Street, 2nd Floor
Modesto, CA 95354

Judge: Robert S. Bardwil
Dept: D

**EXHIBITS IN SUPPORT OF PLAINTIFF'S FIFTH STATUS CONFERENCE STATEMENT**

| | | |
|---|---|---|
| Exhibit 1 | Declaration of Brian J. Lutton | Page 2 |
| Exhibit 2 | Declaration of William Buchanan | Page 4 |

Stuart B. Wolfe (SBN 156471)
sbwolfew@wolfewyman.com
L. Scott Bruggemann (302499)
sbruggemann@wolfewyman.com
WOLFE & WYMAN LLP
980 9th Street, Suite 2350
Sacramento, California 95814
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for Defendant
PNC BANK, N.A.

## IN THE UNITED STATES BANKRUPTCY COURT OF
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## (MODESTO DIVISION)

| | |
|---|---|
| In re: HUMBERTO MORENO and MARTHA MORENO,<br><br>Debtors/Plaintiffs.<br><br>v.<br><br>PNC BANK, N.A.<br><br>Defendants. | Case No.: 11-92649<br>Adversary No.: 16-09014<br><br>**DECLARATION OF BRIAN J. LUTTON** |

### DECLARATION OF BRIAN J. LUTTON

I, Brian J. Lutton, declare as follows:

1. I am currently employed with PNC Bank, National Association ("PNC"), as an Assistant Vice President. This declaration is made as part of PNC's response to the claims of Humberto and Martha Moreno in the present action. The following is of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2. As an Assistant Vice President, I have access to PNC's computer database of acts, ownership, assignments, transactions, payments, communications, events, and chain of title activity, with respect to the mortgage loans which PNC owns, funds, and/or services, including those records relating to the Deed of Trust dated August 8, 2007 securing a home loan (the "Moreno Loan") in the

Exhibit _1_

Page _2_

1
DECLARATION OF BRIAN J. LUTTON

2728654.1

1 original amount of $187,000.00 on the property commonly described as 4216 Ballard Circle, Modesto, CA 95356, which was recorded on August 16, 2007 in Stanislaus County as Document No. 2007-0105192-00, showing Martha and Humberto Moreno as the Borrowers and National City Bank as the Lender. These records and the entries in these records are made and kept within the ordinary course of business and are made at or near the time of the act, events or conditions of record by a means which insures their reliability and made by persons whose responsibility it is to record such acts, events or conditions. I have personally reviewed the records referenced below and have the personal knowledge of the facts set forth in this declaration, including the Moreno Loan. If called upon to testify thereto, I could and would do so competently and truthfully under oath.

3. PNC is the successor-by-merger to National City Bank, N.A., approved by the Comptroller of the Currency by certificate dated November 6, 2009.

4. By agreement dated November 20, 2009, PNC sold all rights in the Moreno Loan, as well as Other loans, to DBI Fund Holdings, LLC. DBI Fund Holdings, LLC was responsible for recording an assignment of the Moreno Deed of Trust.

5. By letter dated December 18, 2012, American Servicing and Recovery Group, LLC advised PNC that DBI Fund Holdings transferred the rights to the Moreno loan, as well as other loans, to American Servicing and Recovery Group, LLC as of December 2009. An address for notices, 4144 North Central Expressway, Ste. 900, Dallas, TX 75204, was included in the letter.

6. Since the 2009 sale, PNC has had no right, title or interest in the Moreno Loan. PNC has not serviced the Moreno Loan since the sale. PNC has no ownership or authority by which it can reconvey the Deed of Trust which secures the Moreno loan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2ND, 2017, at BRECKSVILLE, OHIO

Brian J. Lutton, Declarant

2
DECLARATION OF BRIAN J. LUTTON

Exhibit 1
Page 3

**3**

STEVEN S. ALTMAN (State Bar No. 63824)
Steven Altman, PC
1127-12th Street, Suite 104
Modesto, California 95354
Ph: (209) 521-7255
Fax: (209) 577-8390
altman@altmanattorney.com

Attorney for Plaintiffs/Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(MODESTO DIVISION)

In re:

HUMBERTO MORENO &
MARTHA MORENO

Debtors.

HUMBERTO MORENO &
MARTHA MORENO

Plaintiff (s),

vs.

PNC BANK, NA, DBI FUND HOLDINGS,
LLC, AMERICAN SERVICING AND
RECOVERY GROUP, HOME SERVICING
LLC, CITIGROUP GLOBAL MARKETS
REALTY CORP, DREAMBUILDER
INVESTMENTS AKA DREAMBUILDER
INVESTMENTS, LLC

Defendant (s).

Ch. 13 Case No. 11-92649
Adversary No:  16-0914

SECOND AMENDED
ADVERSARY COMPLAINT FOR
DECLARATORY JUDGMENT
REMOVING THE LIEN OF

FROM PROPERTY LOCATED
AT 4216 BALLARD CIRCLE,
MODESTO, CALIFORNIA 95356;
DAMAGES; FEES AND COSTS

Judge: Robert S. Bardwil
Dept: D

## DECLARATION OF WILLIAM BUCHANAN IN SUPPORT OF PLAINTIFFS' SECOND AMENDED COMPLAINT

I, William Buchanan, declare under penalty of perjury the following:

1. I have personal knowledge of the facts contained in this declaration and I could and would testify competently in a court of law.

2. I am employed as Vice-President on behalf of American Servicing Group, Inc.("ASG Inc."), and its affiliates American Servicing and Recovery Group, LLC, DBI/ASG Mortgage

1  Acquisition Fund I, LP, <u>and</u> DBI/ASG Mortage Holdings, LLC, with my principal office at 4514
2  Cole Avenue, Suite 600, Dallas Texas 75205, Office Phone: (214) 559-7135. I have been so
3  employed in this capacity since the inception of the company in 2008.

4      3. I have reviewed the charging allegations set forth in Plaintiffs' Second Amended
5  Complaint which has been served on my office. I am also aware that my employee, Ron
6  Bookman, who works as a "Data Integrity Analyst" has also spoken by phone and communicated
7  with plaintiffs' chief counsel Steven Altman by email during the last month past.     4. I
8  and my staff have advised Mr. Altman that none of ASG, Inc. Nor any of its affiliates have any
9  current interest in the loan secured for the property at 4216 Ballard Circle, Modesto, California
10 95356 (the "Moreno loan").

11     5. Based upon review of my offices books and records I have advised Mr. Altman of the
12 following:

13     a) DBI Fund Holdings, LLC purchased the Moreno loan from National City Bank
14 pursuant to a Purchase and Sale Agreement dated September 24, 2009. (the "Nat City PSA").

15     b) DBI Fund Holdings, LLC and DBI/ASG Mortgage Holdings, LLC, an affiliate of ASG,
16 Inc. entered into a Beneficial Interest Transfer Agreement dated the 25th day of September, 2009
17 wherein DBI Fund Holdings, LLC assigned one hundred percent (100%) of the beneficial rights
18 and interests in the Mortgage Loans acquired pursuant to the Nat City PSA to DBI/ASG
19 Mortgage Holdings, LLC.

20     c) DBI Fund Holdings, LLC subsequently sold the Moreno Loan to Citigroup Global
21 Realty Corp pursuant to a Purchase and Sale Agreement dated October 30, 2009.

22     6. The foregoing represents an accurate chronological history of the ownership and
23 disposition of the Moreno Loan by ASG, Inc and its affiliates.

24     7. None of ASG, Inc. nor any of its affiliates are in any way owned, a subsidiary of, or
25 controlled by either Dreambuilder Investments, LLC.

26     8. My office has provided Mr. Altman the sale agreement between National
27 City Bank (Seller) and DBI Fund Holdings, LLC (Purchaser) dated September 24, 2009. (Exhibit
28 2). The Moreno loan sold and transferred to DBI Fund Holdings, LLC is found on Exhibit 3,
therein of that agreement and is numbered DBI-061708, reflecting Modesto, California and a

DECLARATION OF WILLIAM BUCHANAN IN SUPPORT OF     Exhibit 2
PLAINTIFFS' SECOND AMENDED COMPLAINT  2

Page 5

balance of $177,176.63. Pursuant to Exhibit 2, subsection 2.3-"Recondition of Assignments of Mortgage" it was the purchasers responsibility to record for each assigned mortgage related to a secured lien evidence to the seller within sixty (60) days of the closing date.

9. My office, has provided Mr. Altman the sale agreement between DBI Fund Holdings, LLC (Seller) and Citigroup Global Markets Realty Corp. (Buyer) dated October 30, 2009. (Exhibit 3). The Moreno loan sold and transferred to Citigroup Global Realty Corp is found on Exhibit A of that agreement and is numbered DBI-061708, reflecting 4216 Ballard Circle and a balance of $177,176.63

I further declare the foregoing declaration was executed pursuant to the laws of the United States of America this 24th day of July 2017 at Dallas, Texas.

*William Buchanan*

DECLARATION OF WILLIAM BUCHANAN IN SUPPORT OF
PLAINTIFFS' SECOND AMENDED COMPLAINT 3

Exhibit 2

Page 6