**4**

STEVEN S. ALTMAN (State Bar No. 63824)
Steven Altman, PC
1127-12th Street, Suite 104
Modesto, California 95354
Ph: (209) 521-7255
Fax: (209) 577-8390
altman@altmanattorney.com

Attorney for Plaintiffs/Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(MODESTO DIVISION)

In re:

HUMBERTO MORENO &
MARTHA MORENO

Debtors.

HUMBERTO MORENO &
MARTHA MORENO

    Plaintiff (s),

vs.

PNC BANK, NA, et al

    Defendant (s).

Case No.     11-92649
Adv No:      16-09014

Date:        November 14, 2017
Time:        10:00 a.m.
Place:       1200 I St., 2nd Floor
             Modesto, CA 95354

Judge:       Robert S. Bardwil
Dept:        D

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

1. Plaintiffs, Humberto Moreno and Martha Moreno, brought the above referenced action by way of second amended adversary complaint against Defendant Dreambuilders, aka DreamBuilders Investments, LLC, aka DBI Fund Holdings, (sometimes referenced as "Defendant"). The second amended complaint included claims for declaratory judgment to remove the consensual second deed of trust mortgage lien from the real property owned by Debtors: 4216 Ballard Circle, Modesto, California 95356 (the "Property"), statutory damages under federal and state law and costs, and request for attorney fees and costs on the reciprocal provisions set forth under Cal. Civ. Code 1717 and 2924.

2. Plaintiffs, Humberto Moreno and Martha Moreno previously filed a Chapter 13 proceeding on July 26, 2011 as Case No. 11-92649. [Doc 1].

3. Their Chapter 13 Plan as Debtors was confirmed by this Court in hearing held January 7, 2012 through an Order Confirming Plan entered on January 9, 2012. True and correct copies of their Plan and Order Confirming Plan have previously been referenced in the present adversary proceeding as Exhibits "A" and "B" and are attached to the present motion for entry of default judgment. [Doc 10, filed July 31, 2011, Doc 36, filed January 7, 2012].

4. In conjunction with their bankruptcy Plan, they brought a motion to value the Property pursuant to In re Lam, 211 B.R. 36 (9th Cir. BAP 1997) (the "Motion to Value"). The Motion to Value requested that the court value the property at $242,400.00. The Motion to Value was granted and the PNC claim was determined to be valued at $0, and the claim of PNC was deemed unsecured. A true and correct copy of the Civil Minute Order granting the Motion to Value has been attached to the second amended adversary complaint in this matter and referenced as Exhibit D. [Doc 26, filed October 5, 2011].

5. Thereafter, plaintiffs secured their Chapter 13 discharge. A Final Decree was entered by this Court. [Doc 70, filed December 22, 2014 for which judicial notice is requested pursuant to FRE 201].

6. PNC Bank, NA was notified on June 16, 2015 by letter sent by the Morenos' prior counsel of their completed Chapter 13 proceedings, their second mortgage being satisfied and requested to reconvey the second mortgage pursuant to California Civil Code 2941(a). No response by PNC Bank occurred within thirty (30) days of the letter. A copy of that letter is referenced as Exhibit F.

7. By subsequent letter dated December 5, 2016, by the Morenos' current counsel, PNC and CEO and President of PNC Financial Services Group, Mr. William Demchak, were again informed of the completion of the Morenos' Chapter 13 bankruptcy case, valuation motion of the claim of PNC, the Morenos' discharge and Chapter 13 Standing Trustee's Final Report and Account, and Final Decree, with a request to again reconvey the 2nd deed of trust on their property at 4216 Ballard Circle, Modesto, CA 95356 pursuant to California Civil Code section 2941(a). No response by either PNC Bank or Mr. Demchak occurred within thirty (30) days of

the letter. A copy of the letter is referenced as Exhibit G.

8. During discovery in this matter, Plaintiffs and their counsel learned that PNC had sold the Moreno loan obligation, as well as other loans, to DBI Fund Holdings, LLC by agreement dated November 20, 2009 and that DBI Fund Holdings, LLC was responsible for the recording of the assignment of the Moreno Deed of Trust (which they did not do). (See Declaration of Brian J. Lutton) filed as Doc 73, August 25, 2017 at 2:12-14).

9. During further discovery in this matter, Plaintiffs and their counsel learned that ultimately the Moreno loan also ended up with Citi Global Markets-Residential Finance ("Citi") in or about November 20, 2009, but subsequently was resold to Dreambuilders Investments LLC July 22, 2011. (See Declaration of Gerard Bellesheim Jr.).

10. Defendants answers were due in this matter on October 16, 2017. No answer or responsive pleading has been forthcoming. A courtesy letter was sent to Defendants, DBI Fund Holdings, LLC, Home Servicing, LLC, Dreambuilders Investments LLC, and Dreambuilders aka Dreambuilders Investments on October 13, 2017 advising of the upcoming deadline to file an answer.

11. Plaintiffs filed their Request to Enter Default with this Court on October 17, 2017 in these proceedings. [Doc. Nos. 89, 90, 91]. As a result, this Court entered Default and Order of Default Procedures on October 18, 2017. [Doc. Nos. 92, 93, 94].

12. As referenced above, the proposed default judgment seeks entry of judgment against Defendant Dreambuilder, DBI Fund Holdings LLC, Dreambuilder Investments, LLC and Home Servicing, LLC.. It also seeks the following relief:

    a) Court judgment that the note and deed of trust have been satisfied and the deed of trust avoided (Complaint, First Claim for Relief, pp 5-6; Third Claim for Relief at pp. 7-10);

    b) For Plaintiffs to recover their statutory damages under Federal Law (15 U.S.C. § 1641 (g)) of $4,000 (Complaint, Second Claim for Relief, pp 6-7);

    c) For Plaintiffs to recover their statutory damages under State Law (Complaint, (Cal Civil Code § 2941) (Complaint, First Claim for Relief, pp 5-6);

    d) For Plaintiffs to recover all reasonable legal fees and expenses incurred by their attorney (Complaint, prayers First through Third Claims for Relief, pp 9-10).

13. The Request for Entry of Default Judgment is supported by the companion Declarations of Steven Altman, Tami Rhodes, Gerard Bellesheim Jr., Declaration of Brian j. Lutton, Declaration of William Buchanan, the Memorandum of Points and Authorities in Support of Entry of Default Judgment, the exhibits lodged in this case as referenced above and such other documentary evidence submitted herein, including exhibits or documents in which this Court may take judicial notice pursuant to FRE § 201.

14. The foregoing motion is made pursuant to Local Bankruptcy Rules 9014-1(c)(2), 9014-1(f)(1) and 9017-1(b).

Dated: October 19, 2017

Law Office of Steven S. Altman

By: _____
Attorney for Plaintiffs
Humberto and Martha Moreno