**10**

STEVEN S. ALTMAN (State Bar No. 63824)
Steven Altman, PC
1127-12th Street, Suite 104
Modesto, California 95354
Ph: (209) 521-7255
Fax: (209) 577-8390
altman@altmanattorney.com

Attorney for Plaintiffs/Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(MODESTO DIVISION)

In re:

HUMBERTO MORENO &
MARTHA MORENO

        Debtors.

HUMBERTO MORENO &
MARTHA MORENO

        Plaintiff (s),

vs.

PNC BANK, NA, et al

        Defendant (s).

Case No.    11-92649
Adversary No: 16-09014

Date:    November 14, 2017
Time:    10:00 a.m.
Place:    1200 I St., 2nd Floor
        Modesto, CA 95354
Judge:    Robert S. Bardwil
Dept:    D

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

### I
### INTRODUCTION

This is an action for declaratory relief, violation of discharge orders, violation of "Helping Families Save Their Home Act," and attorney's fees and costs filed by the Plaintiffs, Humberto Moreno and Martha Moreno, who successfully completed a Chapter 13 plan before this Court as Debtors.

Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ENTRY OF DEFAULT JUDGMENT

28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

Plantiffs seek, inter alia, from DreamBuilders, aka DreamBuilders Investments, LLC, aka DBI Fund Holdings,[1] a full reconveyance of their second Deed of Trust against their real property, recorded in the office of the Stanislaus County Recorder on August 16, 2007 as document number 0105192-00: 4216 Ballard Circle, Modesto, Ca 95356. In the absence of same, an adjudication by this Court the previous bankruptcy proceedings in their Chapter 13 case and the current adversary proceeding warrant a judicial determination that the underlying deed of trust and lien has been discharged. Plaintiffs also seek statutory damages and costs under both California State and Federal law for DreamBuilders' failure to record the notice of assignment of their mortgage, notify them of same and for their failure to reconvey the mortgage after timely notice. In point of fact, DreamBuilders has displayed a callous disregard of the statutory and judicial process by their inaction during the entire course of these judicial proceedings.

## II

## HISTORY OF CHAPTER 13 CASE

In conjunction with the confirmation of the Debtors' Chapter 13 Plan, Debtors filed and served a motion to value the Property pursuant to In re Lam, 211 B.R. 36 (9th Cir. BAP 1997) ("Motion to Value"). The Motion to value requested that the court value the property at $242,400.00. The Motion to Value was granted by order of the bankruptcy court and dated October 5, 2011. (Exhibit D). In the order granting the Motion to Value, the court determined that the value of the equity in the Property available to satisfy the claim of PNC was $0, and the claim of PNC was deemed unsecured.

Thereafter, Debtors completed their Chapter 13 Plan and were issued a discharge of debts through Discharge Order (Exhibit E).

---

[1] For the purpose of the present motion for entry of default and relief requested DreamBuilders, Dream Builders Investments, LLC, aka DBI Fund Holdings are used collectively. "DBI" will be the acronym used in further discussion for the most part below.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ENTRY OF DEFAULT JUDGMENT

2

10

Despite initial requests made on either PNC Bank or its officers, June 16, 2015 and December 5, 2016, by Plaintiffs' prior and current counsel, to reconvey and record the 2nd deed of trust as cancelled, no action has occurred by PNC to do so. As a result, adversary legal action ensued. During informal discovery, defendant PNC provided a declaration, under oath, through its Assistant Vice-President, Brian J. Lutton, that the Moreno loan obligation, including the deed of trust, had been transferred to DBI Fund Holdings, LLC ("DBI") by agreement dated November 20, 2009, wherein DBI was responsible for recording an assignment of the Moreno Deed of Trust. (Lutton Declaration at 2:12-14).

At no point in time in or after November 20, 2009, did DBI or any known entity associated with it, record in the Stanislaus County Recorder's Office an assignment as required by law. In point of fact, when the Moreno's former bankruptcy counsel filed their motion to value, PNC was the only entity of record who had recorded the Moreno deed of trust referenced in the books and records of the County Recorder for Stanislaus County. (See Declaration of Tami Rhodes and Exhibit C).

Moreover, during further informal discovery in this matter, while records establish DBI purchased the Moreno loan from National City Bank pursuant to a Purchase and Sale Agreement dated September 24, 2009, also establishes that DBI later sold the Moreno loan to Citigroup Global Realty Corp pursuant to a Purchase and Sale Agreement dated October 30, 2009. (See Declaration of William Buchanan in Support of Plaintiffs' Second Amended Complaint at 2:19-25).

Finally, to bring this matter back full circle, the Declaration of Gerald Bellesheim, Jr. Vice President for Citigroup Global Realty Corp ("CGRC") and Exhibit J, establish that CGRC charged off and subsequently sold the Moreno loan obligation as part of the CGMRC 2011-021-2 sale agreement back to Dreambuilder Investments, LLC July 22, 2011. Again, no formal assignment of deed, nor notification to the Morenos or their counsel of record is evidenced when this transfer occurred. (See Declaration of Humberto Moreno at 2:10-12; 2:18-

20).[2]

## III.

## LEGAL ARGUMENT

### A) PROPRIETY OF ENTRY OF A DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7055 govern default judgments. In re McGee, 359 B.R. 764, 770 (B.A.P. 9th Cir. 2006). Obtaining a default judgment is a two-step process which requires: (1) entry of the defendant's default, and (2) entry of a default judgment. Id. at 770. Even when a party has defaulted and all requirements for a default judgment are satisfied, a claimant is not entitled to a default judgment as a matter of right. 10 Moore's Federal Practice - Civil ¶ 55.31 (Daniel R. Coquillette & Gregory P. Joseph eds. 3rd ed.). Entry of a default judgment is within the discretion of the court. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Default judgments are not favored, as the judicial process prefers determining cases on their merits whenever reasonably possible. Id. at 1472.

Factors which the court may consider in exercising its discretion include:

(1) the possibility of prejudice to the plaintiff,

(2) the merits of plaintiff's substantive claim,

(3) the sufficiency of the complaint,

(4) the sum of money at stake in the action,

(5) the possibility of a dispute concerning material facts,

(6) whether the default was due to excusable neglect, and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Id. at 1471-72 (citing 6 Moore's Federal Practice - Civil ¶ 55-05[s], at 55-24 to 55-26 (Daniel R. Coquillette & Gregory P. Joseph eds. 3rd ed.)).; In re Kubick, 171 B.R. at 661-662.

---

[2] A recap sheet showing history of chain of title of the Moreno loan obligation is filed with the present pleadings and referenced as Exhibit N.

In fact, plaintiffs and their counsel concede that before entering a default judgment the court has an independent duty to determine the sufficiency of Plaintiff's claim. Id. at 662.

Entry of a default establishes well-pleaded allegations as admitted, but factual allegations that are unsupported by exhibits are not well pled and cannot support a claim. In re McGee, 359 B.R. at 774. Thus, a court may refuse to enter default judgment if Plaintiff did not offer evidence in support of the allegations. See id. at 775.

Here, defendant DBI Fund Holdings, LLC, aka Dreambuilder Investments aka Dreambuilder Investments, LLC has been provided ample notice of the court proceedings on multiple occasions and have failed to take any action whatsoever.

Given the foregoing facts, entry of default judgment is both proper and necessary to afford Plaintiffs the relief they have requested.[3]

### B) THE INTERPLAY OF FEDERAL AND CALIFORNIA LAW GOVERN RECONVEYANCE OF DEEDS OF TRUST

Here, it is apparent that Plaintiffs/Debtors were entitled to the full reconveyance of the Deed of Trust on the Property. This court has previously addressed, in detail, the California state law, standard note and deed of trust contractual basis, and possible 11 U.S.C. § 506(d) basis for a creditor having the obligation to reconvey a deed of trust upon a debtor who has successfully completed the Chapter 13 Plan which provides for the payment of the secured claim in the 11 U.S.C. § 506(a) determined amount. See In re Frazier, 448 B.R. 803 (Bankr. ED Cal. 2011), affd., 469 B.R. 803 (ED Cal. 2012) (discussion of "lien striping" in Chapter 13 case); Martin v. CitiFinancial Services, Inc. (In re Martin), 491 B.R. 122 (Bankr E.D. CA 2013).

---

[3] DBI or its various entities are not prejudiced by this action. In point of fact the only party prejudiced has been Plaintiffs. DBI should be estopped to deny there has not been a valid lien stripping motion advanced and adjudicated in Plaintiffs, the Moreno's, favor against them. DBI failed to record a notice of assignment of the loan conveyed to them by PNC. Of record was only PNC when the motion to value was adjudicated. Also, the present adversary proceedings requests this Court determine in these proceedings by way of declaratory relief in the third claim for relief, that all party defendants, including DBI, have no claim against the plaintiffs or their property-based upon plaintiffs successful valuation motion and discharge during the course of the Chapter 13 proceedings.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ENTRY OF DEFAULT JUDGMENT 5

## 10

Upon completion of the Chapter 13 Plan and its terms becoming the final, the modified contract between the Debtors, prior defendant PNC and successor in interest - and creditors, there remains no obligation which is secured by the Second Deed of Trust. As a matter of California law, the Second Deed of Trust is void. FN.1. The lien is also rendered void by operation of 11 U.S.C. § 506(d) upon completion of the Chapter 13 Plan. <u>Martin v. CitiFinancial Services, Inc.</u> (In re Martin), 491 B.R. 122 (Bankr. E.D. CA 2013).

---

FN.1. 4 WITKIN SUMMARY OF CALIFORNIA 9 LAW, TENTH EDITION, § 117, citing California Civil Code § 2939 et seq.; Rest.3d, Property (Mortgages) § 6.4; 4 Powell § 37.33; C.E.B., 2 Mortgage and Deed of Trust Practice 3d, § 8.84; and 13 Am.Jur. Legal Forms 2d, § 179:511.

---

In addition, California Civil Code § 2941(b)(1) imposes a statutory obligation on the beneficiary under the deed of trust (Defendant-DBI in this Adversary Proceeding) to reconvey the deed of trust when the obligation secured has been satisfied. The Chapter 13 Plan having been completed and Defendant-DBI having been paid the full amount of the secured claim as finally determined pursuant to 11 U.S.C. § 506(a) and completion of the confirmed plan, that secured obligation has been satisfied.

California Civil Code § 2941(b)(1) requires that within 30 days of the obligation secured by a deed of trust having been satisfied, the beneficiary [Defendant-DBI] shall deliver to the trustee under the deed of trust an executed request for reconveyance and supporting documents. The trustee under the deed of trust then has 21 days from receipt of the request for reconveyance to reconvey the deed of trust. Cal. Civ. § 2941(b)(1)(A). The trustee under the deed of trust, not the beneficiary, is responsible for providing a copy of the reconveyance to the owner of the property—here the Plaintiffs. Cal. Civ. § 2941(b)(1)(B)(ii).

Here, the Plaintiffs-Debtors completed their plan and secured their bankruptcy discharge on December 28, 2014. To date, Defendant-DBI has not reconveyed the Deed of Trust as required by § 2941 within 30 days after the obligation has been satisfied.

As a result, this Court should grant judgment in favor of Plaintiffs, the Morenos, finding the Second Deed of Trust currently held by DBI to be void and unenforceable. (Declaratory Relief, Plaintiffs' Third Claim at pp 7-9:1-14).

10

## C) DAMAGES

### 1) Under California Law

The California Legislature has provided for a statutory forfeiture of $500.00 (expressly stated as a forfeiture in the statute) in connection with the reconveyance of a deed of trust, as follows:

> (d) The violation of this section shall make the violator to the person affected by the violation for all damages which that person may sustain by reason of the violation, and shall require that the violator forfeit to that person the sum of five hundred dollars ($500).
>
> Cal. Civ. § 2941(d). The grounds for the possible violations of California Civil Code § 2914 in connection with this Adversary Proceeding are summarized as follows:
>
> I. Within 30 calendar days after the obligation secured by any deed of trust has been satisfied, the beneficiary or the assignee of the beneficiary shall:
>
> A. execute and deliver to the trustee the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust.
>
> B. The trustee shall execute and record the reconveyance within 21 calendar days after receipt by the trustee of the original note, deed of trust, request for a full reconveyance, and fees as may be necessary to reconvey, or cause to be reconveyed, the deed of trust.
>
> C. The trustee shall deliver a copy of the reconveyance to the beneficiary or its servicing agent, if known.
>
> II. If the trustee has failed to execute and record, or cause to be recorded, the full reconveyance within 60 calendar days of satisfaction of the obligation, the beneficiary, upon receipt of a written request by the trustor, shall execute and acknowledge a document pursuant to Section 2934a substituting itself or another as trustee and issue a full reconveyance.
>
> Cal. Civ. § 2924(b)

The 30-day period at issue is for the beneficiary to execute and deliver the original note, deed of trust, and request for reconveyance to the trustee under the deed of trust. The uncontradicted evidence in this case by Plaintiffs is that despite ample and repeated demands, DBI took no action whatsoever to fulfil its mandated duty under California law to issue the subject reconveyance.

Therefore, based on the foregoing, Plaintiffs-Debtors should be granted default judgment against DBI in the amount of $500.00 for the statutory forfeiture mandated by California Civil Code § 2941(d) and requested in Plaintiffs' First Claim for Relief.

### 2) Damages under Federal Law

Moreover, as referenced in Plaintiffs' adversary complaint, Second Claim for Relief, DBI as

party defendant, has violated 15 U.S.C. Section 1641(g) referenced as "Helping Families Save Their Homes Act."

As referenced at page 6, paragraphs 5 through 14 of Plaintiffs' adversary complaint, an assignee of a mortgage obligation is required to perform the notification act requirements to a borrower as referenced:

> give written notice **not later than 30 days on the date which the mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer including–**
> **(A) the identity, address and telephone number of that new creditor;**
> **(B) the date of transfer;**
> **( C) how to reach an agent or party having authority to act on behalf of the new creditor;**
> **(D) the location of the place where transfer of ownership is recorded; and**
> **(E) any other relevant information regarding the new creditor.**

An Assignee that violates the notice requirements can be subjected to civil penalties under section 130 of TILA ("Truth In Lending Act"). Specifically, under 15 U.S.C. Section 1640(a), effective July 31, 2009, the maximum penalty a consumer can recover for a TILA violation is in regard to a close-end loan secured by real property or a dwelling is $4,000.

Plaintiffs contend they have received no notification from anyone in writing concerning a mortgage note transfer nor written statements, from any party, directing their mortgage payments prior to, or after the filing of their Chapter 13 bankruptcy case commenced to be remitted to DBI. (Moreno Declaration at 2:10-10; 2:18-20). Moreover, the only demonstrative evidence of record is the fact to this day, only the old PNC recorded assignment of the Moreno loan remains of record in the Stanislaus County Recorders Office. (Exhibit C).

Additionally, prior to the current litigation being commenced, counsel for the Morenos sent both regular and certified mail directed at Dreambuilders Investments, LLC notification of the present legal predicament the Morenos were in and requested their cooperation prior to suit, which would have entailed a reconveyance of the present mortgage obligation. No reply was forthcoming by DBI or any of its employees agents or legal representatives. (See Declaration of Steven Altman at 2:6-9).

**10**

Based upon the actual facts and law, Plaintiffs and their counsel contend this Court should award them the maximum amount under statute for this violation: **$4,000.**

### D) Plaintiffs request for reasonable fees and costs

The Plaintiffs-Debtors request this Court also make an award for the reasonable fees and costs incurred by their counsel in pursuing the claims advanced in the present adversary proceeding.

Attorney's fees may be awarded pursuant to California Civil Code §§ 1717 and 2941. To prevail under a § 1717 request, Plaintiffs-Debtors must establish that they are entitled to attorney's fees under a reciprocal contractual attorney's fee provision.

Plaintiffs and their counsel submit their Deed of Trust, referenced as Exhibit C, attached to their present adversary complaint, provides authority for this Court to make such an award. Page 13, Paragraph 10 provides the following:

> **Expenses, Advances on Covenants, Attorneys' Fees; Collection Costs:**
>
> **If Trustor breaches any covenant in this Security Instrument, Trustor agrees to pay all expenses Lender incurs in performing such covenants (including but not limited to advances and expenses described in the DEED OF TRUST COVENANTS section) or protecting its security in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and Lender's security interest. These expenses are payable on demand and will bear interest from date of payment until paid in full at the highest rate of interest in effect as provided in the terms of the Secured Debt. Trustor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing, or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorney's fees, court costs, and other legal expenses. To the extent permitted by the United States Bankruptcy Code, Trustor agrees to pay the reasonable attorneys' fees Lender incurs to collect the Secured Debt as awarded by the court exercising jurisdiction under the Bankruptcy Code. This Security Instrument shall remain in effect until released. Trustor agrees to pay for any recordation costs of such release.**

The Declaration of Plaintiffs' counsel, Steven Altman of Steven Altman, PC, together with his billing records, (Exhibit L), establish that Plaintiffs have incurred the sum of $18,469.00 for fees and $321.31 for costs to the present for a total sum of $18,790.31. (See Declaration of Steven Altman at 3:21-27).

As such, it is respectfully requested based upon the facts and applicable law that this Court award Plaintiffs as against DBI the foregoing fees and costs under § 1717 in the principal amount of

# 10

$18,469.00 fees and $321.31 costs as reasonable based upon the circumstances presented in this case.

**CONCLUSION**

Based upon the facts and applicable law submitted by Plaintiffs herein, the Morenos, and their counsel request that Judgment be entered in their favor as against DBI, that under their Third Claim for Relief this Court find the Moreno second Deed of Trust held by DBI to be valued at zero, the claim discharged in their underlying Chapter 13 completed bankruptcy case and determine the deed of trust satisfied pursuant to Cal. Civ. Code § 2941(a) and allow this Court's order to serve in lieu of a certificate of discharge.

As to Plaintiffs' First Claim for Relief under 2941, specifically 2941(d), award statutory damages in the sum of $500 as mandated by statute.

As to Plaintiffs' Second Claim for Relief (Violation of Helping Families Save Their Home Act-15 U.S.C. Section 1641(g)), as further referenced by 15 U.S.C. Section 1640(a), effective July 31, 2009, award the maximum penalty in favor of Plaintiffs as against DBI in the sum of $4,000.

As to defendant Home Servicing LLC, sender of mortgage statements to Plaintiffs (See Exhibit O), Plaintiffs counsel sent a Qualified Written Request (Exhibit H) for clarification concerning the nature of its attempt to service and or collect on the second mortgage. No response was forthcoming in the time required by law. See 12 U.S.C. §§ 2605(e)(1)[A] and 2605(e)(4). Moving parties accordingly request statutory damages (requested of $2000), and their fees and costs under 12 U.S.C. §2605(f)(1), 2505(f)(3) as set forth below, together with a ruling/judgment of this Court that Home Servicing LLC has no claim secured or other claim against Plaintiffs' real property at 4216 Ballard Circle, Modesto, Ca 95356.

Finally, as the prevailing party in this action, pursuant to California Civil Code §§ 1717 and 2941, award Plaintiffs reasonable attorney's fees in the sum of $18,469.00 and costs of $321.31, or such amount as this Court deems just.

Dated: October 19, 2017          LAW OFFICES OF STEVEN S. ALTMAN
By: _____
STEVEN S. ALTMAN
Attorney for Plaintiffs